DECISION
Plaintiff has appealed the real market value (RMV) of certain personal property identified in the assessor's records as Account 601232. The tax year at issue is 2009-10.
Trial in the matter was held in the tax court courtroom April 25, 2011. Plaintiff was represented by W. Scott Phinney, Attorney at Law. Defendant was represented by Duane A. Ely, Chief Appraiser, Hood River County Assessor's office, and Juan Reyes, Appraiser, Hood River County Assessor's office.
 I. STATEMENT OF FACTS
The property at issue is the personal property located in the Columbia Gorge Hotel, in Hood River, Oregon. The property consists of furniture, decor, and other personal property, used in the hotel's 43 guestrooms, as well as the dining room, lounge, garden room, and lobby.
Defendant placed a value on the property of $625,680. The county board of property tax appeals (BOPTA) sustained that value. Plaintiff timely appealed to this court, requesting a reduction in the RMV of the personal property to $75,000, based on the allocated purchase price. Defendant in its Answer disagreed "with the market value as allocated in the sale agreement," requesting evidence of how the value is determined. (Def's Answer.) *Page 2 
Plaintiff submitted three exhibits: an appraisal that included a list of the assets and photographs of some of the nicer pieces of furniture (Ptf's Ex 1); the buyer's final settlement statement which shows a total purchase price for the hotel of $4,575,000, with $75,000 allocated to the personal property (Ptf's Ex 2); and the bargain and sale deed for the hotel (Ptf's Ex 3).
Defendant did not submit any evidence, but at trial, requested that the court sustain the value on the rolls.
 II. ANALYSIS
ORS 308.205(1)[1] defines real market value as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." The statute further provides that RMV the determination of RMV is to be in accordance with methods and procedures adopted by the Department of Revenue and in accordance with "[t]he amount a typical seller would accept or the amount a typical buyer would offer that could reasonably be expected by a seller of property." ORS 308.205(2)(a).
Plaintiff insists that the parties' allocation of value between the real and personal property is strong evidence of market value for the personal property under appeal and that the parties agreed to a sale price of $75,000 for the personal property in the hotel. (Ptf's Ex 2.) At trial, Plaintiff's representative argued that the personal property appraisal report, while perhaps not "the be-all and end all," tends to support the parties' agreed-upon sale price of $75,000.
Plaintiff's appraisal report, dated June 9, 2009, is fairly detailed, discussing the type, condition, and quality of the personal property. The author of the report indicates that he omitted certain items including "linens, dishes and silver/flatware," as well as "computers, guestroom *Page 3 
games [and] televisions." (Ptf's Ex 1 at 1.) The appraiser estimated the property to have of value between $57,685 to $98,965. (Ptf's Ex 1 at 6.) The purchase price allocated by the parties lies comfortably in the middle of that range.
Defendant insists Plaintiff's value is low, but did not submit any valuation evidence. Nor did Defendant present any testimony as part of its case in chief. Defendant's representatives attempted to present the court with valuation evidence at trial. However, the court excluded the evidence because it was not submitted in advance of trial per TCR-MD 10 C, which encourages an early exchange of information and requires that "[e]ach party shall provide the court and the other parties with copies of all exhibits to be introduced into evidence in support of that party's case." More importantly, the rule goes on to require that "all exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date." TCR-MD 10 C(1). TCR-MD 10 D authorizes the magistrate to "exclude any evidence received after the time of exchange."
Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. ORS 308.427 (2009). This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence."Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). Plaintiff has submitted valuation evidence; Defendant has not. Plaintiff's evidence, while not perfect, does tend to support the requested value of $75,000. In the absence of any evidence to the contrary, the court finds that Plaintiff's evidence is "the more convincing evidence," and that Plaintiff has therefore established the value by a preponderance. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiff has met its burden by establishing by a preponderance of the evidence that the RMV of the personal property at issue was $75,000 as of January 1, 2009, which was the statutory date of assessment for the 2009-10 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted, and the RMV of the property identified as assessor's Account 601232 was $75,000 as of January 1, 2009.
Dated this ___ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon May 6, 2011. The Court filed and entered this documenton May 6, 2011.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1